IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Andrew Lutz, ) | C/A No. 0:20-3162-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, ) | |
| ) | ☒ Affirmed |
| Defendant. ) | ☐ Reversed and Remanded |
| ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**[1]

☒    Supplemental Security Income ("SSI"):  Plaintiff's age at filing: 32

☐    Disability Insurance Benefits ("DIB"):  Date last insured: _____

☐    Other:

Application date: October 4, 2016

Plaintiff's Year of Birth:  1983

Plaintiff's amended alleged onset date:  October 4, 2016

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in

---

[1] Plaintiff originally also filed an application for Disability Insurance Benefits ("DIB"); however, both his original alleged onset date and his amended alleged onset date post-dated Plaintiff's date last insured (September 30, 2013). As noted by the ALJ, at the hearing Plaintiff's counsel withdrew his request for a hearing as to Plaintiff's DIB claim indicating that they did not have sufficient information to support an onset date prior to Plaintiff's date last insured. (See Tr. 22, 53-54.) The ALJ then dismissed Plaintiff's DIB claim. (Tr. 23.) Thus, the sole claim before the court is Plaintiff's SSI claim.

sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision: July 1, 2019

In applying the requisite five-step sequential process, the ALJ found:

Step 1:  Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:  ☒ Plaintiff has the following severe impairments:

hernia, status-post left hip fracture with osteoarthritis, and obesity (20 CFR 416.920(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:  ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:  Plaintiff's Residual Functional Capacity ("RFC") is as follows:

[C]laimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 416.967(a) with some non-exertional limitations. Specifically, claimant can lift and carry up to 10 pounds occasionally and lesser amounts frequently. He frequently can push and pull within these assigned weight limits. He can sit for 6 hours, stand for 2 hours, and walk for 2 hours in an 8-hour workday except that he requires a brief postural change at or near the workstation, no more frequently tha[n] twice an hour, and of a duration no greater than 5 minutes each. Claimant can never crawl or climb ladders, ropes, or scaffolds. He occasionally can climb ramps and stairs, balance, stoop, kneel, and crouch. Claimant can never operate a motor vehicle as an operational requirement and he cannot work on unprotected heights. He must avoid concentrated exposure to dusts, odors, fumes, pulmonary irritants and extremes of cold. Any time off task would be accounted for by normal breaks.

☐ Plaintiff could return to his/her past relevant work.

Step 5:  ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

PJG Consent SSA (Rev  05/19/21)                                                                                                    James Andrew Lutz
_____

| Position Title | DOT Code | Exertional Level | SVP Level Skilled/Unskilled | Positions Nationally |
|---|---|---|---|---|
| Ticket taker | 219.587-010 | Sedentary | SVP 2/Unskilled | 10,000 |
| Document preparer | 249.587-018 | Sedentary | SVP 2/Unskilled | 47,000 |
| Document addresser | 209.587-010 | Sedentary | SVP 2/Unskilled | 10,000 |

Date of Appeals Council decision:  July 1, 2020

## Part IV—Standard of Review

     Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## Part V—Issue for Judicial Review

The ALJ's RFC determination is not supported by substantial evidence because it lacks mental limitations pursuant to 96-8p.

**Oral Argument:**

    ☒ **Held on July 28, 2021.**

    ☐ **Not necessary for disposition.**

**Summary of Reasons**

    Although Plaintiff presents one main issue for review, Plaintiff's brief suggests four sub-issues which, as summarized by the Commissioner, include whether substantial evidence supports:

> (1) the ALJ's evaluation of Plaintiff's mental impairments in assessing their severity, impact on the RFC, and ultimate finding that Plaintiff could perform unskilled work; (2) the ALJ's consideration of Plaintiff's subjective complaints in light of the objective medical evidence and Plaintiff's activities, which included full-time care of a four-year old child; (3) the ALJ's evaluation of Plaintiff's RFC in light of the consultative examiner's opinion; and (4) the ALJ's reliance on the

> VE's testimony that Plaintiff could perform other unskilled jobs existing in significant numbers in the national economy.

(Def.'s Br. at 2, ECF No. 27 at 2.)

**Mental Impairments/RFC**

Plaintiff first argues that the ALJ erred in failing to include or account for any mental limitations in Plaintiff's RFC. The ALJ's decision reflects that at Step Two, the ALJ acknowledged that Plaintiff had a history of ADHD and that he sustained a traumatic brain injury ("TBI") during a May 2011 accident where he was struck by a vehicle while riding his bicycle, but the ALJ found these alleged impairments were non-severe, observing that "[m]edical records from the relevant time period . . . do not document subjective complaints or abnormal findings consistent with ADHD or TBI. At the hearing, claimant denied having any mental or cognitive issues." (Tr. 25.) The ALJ further found that Plaintiff had no limitations in any of the four areas of mental functioning, finding under each area that "[c]laimant did not allege any limitation in this functional area, nor do records from the relevant time period document abnormal findings relating to this area." (Tr. 26.)

Plaintiff argues (1) that the ALJ erred in failing to consider his non-severe impairments in formulating the RFC as required by SSR 96-8p, as there is no discussion of any possible mental limitations after his findings at Step Two; (2) that the ALJ "tricked" Plaintiff into agreeing during the hearing that he was not alleging any difficulty in working from a brain functioning point of view; and (3) that the ALJ failed to consider the examination and findings by Dr. L. Randolph Waid from *July 2012*, four years before Plaintiff's alleged onset date, suggesting that Plaintiff had a cognitive disorder that would cause "increased difficulties affecting attention/executive functioning" and that Plaintiff was "compromised in his capacities to sustain

attention/concentration with working memory deficits, slow mentation and executive dysfunction"

(Tr. 370, 371). (Pl.'s Br. at 9-10, ECF No. 25 at 9-10.)

The following exchange took place during Plaintiff's second hearing before an ALJ:[2]

Atty: Now you did have a, you had a head injury, but you're not seeing anybody about any psychologically, correct?
Clmt: No.
ALJ: Okay.
Atty: Do you have any difficulty with memory or anything? I I I'm just, he had, he had a TBI.
ALJ: I understand it was a initial diagnosis --
Atty: Yeah.
ALJ: - - or or differential diagnosis of that.
Atty: Right.
ALJ: Because of the injury itself, but you you've not sought out treatment with either a neurologist or a specialist or anything along those lines, correct?
Clmt: There was one I'm wanting to say back in 2012.
ALJ: Right, when you were getting worked up.
Clmt: Yes.
Atty: There was [Inaudible]
Clmt: Other than that, nothing else.
ALJ: Right, you're not alleging that from a a brain functioning point of view that you'd have a difficulty working, correct? It's all physical, with, with you.
Clmt: Yes.
ALJ: Gotcha, okay.
ATTY: Okay.

(Tr. 71-72.)

Contrary to the plaintiff's argument, the court sees no reversible error here. The plaintiff was represented by counsel at the hearing and never requested a consultative examination for any mental impairments. Dr. Waid's evaluation upon which he now relies is from four years prior to amended alleged onset date. This report does not undermine the ALJ's determination that Plaintiff's "[m]edical records from the *relevant time period* . . . do not document subjective

---

[2] Plaintiff's first hearing before the ALJ was mainly a discussion of how there were almost no medical documents or medical support for anything. The hearing concluded with the ALJ ordering a physical consultative examination and rescheduling the hearing after giving Plaintiff more time to get medical records and complete the consultative examination.

complaints or abnormal findings consistent with ADHD or TBI." (Tr. 25) (emphasis added). And Plaintiff himself denied any limitations from a mental impairment.

**Subjective Complaints (Mental Impairments due to Pain)**

Plaintiff argues that the ALJ erred in failing to consider any mental impairments stemming from his pain. Plaintiff directs the court to Plaintiff's testimony that he experiences pain and that the consultative examiner, Dr. William Maguire, acknowledged Plaintiff's pain, including Plaintiff's hip pain and hernia. Plaintiff argues that the ALJ erred in failing to consider how Plaintiff's pain would affect his ability to work and in discounting his allegations of pain solely based on his own reports of his activities. However, the ALJ's decision shows that Plaintiff's alleged pain was the reason that the ALJ limited Plaintiff to a reduced range of sedentary work. Further, the ALJ's decision suggests that he also discounted Plaintiff's allegation of disabling pain/impairments based in part on his activities of daily living but also based on the record presented. Plaintiff contends that the ALJ improperly weighed his inability to afford treatment; however, the ALJ very carefully explained that he was not discounting Plaintiff's allegations based on the lack of frequency or types of treatment due to his inability to afford it. Although the ALJ observed that Plaintiff had not tried to pursue low-cost or no cost medical providers, this appears to be an appropriate acknowledgement by the ALJ. Accordingly, the court finds that Plaintiff has failed to demonstrate any error in evaluating Plaintiff's subjective complaints.

**Dr. Maguire's Consultative Opinions**

Plaintiff's arguments here hinge on a misreading of the ALJ's evaluation of Dr. Maguire's opinions. The ALJ evaluated the assessment paragraph of Dr. Maguire's report, which did not articulate specific limitations regarding standing, walking, lifting, or carrying, and observed that his examination did not reveal findings such as abnormal strength or atrophy. The ALJ then

evaluated Dr. Maguire's medical source statement, giving it limited weight. The ALJ agreed with the lifting and carrying restrictions but found the examination did not support limiting Plaintiff to standing and/or walking only one hour per day as Plaintiff was not using an assistive device, and there was no atrophy or abnormal strength findings. The ALJ appears to have applied the appropriate factors and given sufficient reasons for discounting his opinion. See 20 C.F.R. § 416.927(c) (detailing the applicable factors in weighing opinion evidence). Dr. Maguire's findings were largely unremarkable, and the court cannot say that the ALJ's decision to afford Dr. Maguire's extreme standing and walking restrictions limited weight based on the inconsistency of those limitations with the examination notes is unsupported by substantial evidence.

Last, Plaintiff argues that the ALJ's determination that Plaintiff requires "brief postural changes at or near the workstation, no more frequently tha[n] twice an hour, and of a duration no greater than 5 minutes each" was contrived out of thin air. However, the ALJ expressly states that he included this limitation to account for Plaintiff's testimony that he needed to change positions. (Tr. 30.)

Based on the foregoing, the court finds that Plaintiff has failed to demonstrate that remand is warranted for further consideration of these issues.

0:20-cv-03162-PJG     Date Filed 07/30/21     Entry Number 37     Page 8 of 8

PJG Consent SSA (Rev  05/19/21)                                                                James Andrew Lutz
_____

## ORDER

☒ **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐ **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
July 30, 2021                    Paige J. Gossett
Columbia, South Carolina         UNITED STATES MAGISTRATE JUDGE